[No. B166764. Second Dist., Div. Five. Aug. 17, 2004.]

LYLE R. MINK, Plaintiff, Cross-defendant, and Respondent, v.
DAN S. MACCABEE, Defendant, Cross-complainant and Appellant.

**[CERTIFIED FOR PARTIAL PUBLICATION*]**

---

*Pursuant to California Rules of Court, rules 976(b) and 976.1, this opinion is certified for publication with the exception of section 2.

## COUNSEL

Law Offices of Peter A. Schwartz, Peter A. Schwartz; Law Offices of Dan S. Maccabee and Dan S. Maccabee for Defendant, Cross-Complainant and Appellant.

Lyle R. Mink, in pro. per., for Plaintiff, Cross-Defendant and Respondent.

## OPINION

**ARMSTRONG, J.**—This case involves two independent lawsuits: attorney Mink's suit against attorney Maccabee for attorney fees pursuant to a retainer agreement, and Maccabee's cross-complaint for an attorney referral fee in a separate matter. The cross-complaint was dismissed after the trial court sustained Mink's demurrer, on the basis that the fee-splitting arrangement was not consented to by the client in accordance with rule 2-200 of the California Rules of Professional Conduct (Rule 2-200). The attorney fees action was tried to a jury, which returned a special verdict concluding that Maccabee had not breached the contract, and awarding no damages. The trial court granted Mink's motion for judgment notwithstanding the verdict, and awarded Mink $9,718.97 in damages.

Maccabee appeals the ruling on the demurrer, arguing that the trial court misinterpreted Rule 2-200. He also appeals the judgment in the attorney fees action, contending that the trial court erred in granting judgment notwithstanding the verdict. We agree that the court erred in sustaining the demurrer to Maccabee's cross-complaint, but find that the court properly entered judgment notwithstanding the verdict.

### 1. *Dismissal of cross-complaint*

Maccabee appeals the dismissal of his cross-complaint. That pleading alleges that Maccabee referred a client to Mink, who agreed to pay a fee for the referral. The cross-complaint also alleges that the requirements of Rule 2-200 of the Rules of Professional Conduct, to the effect that the client agree in writing to the referral arrangement, was met, albeit well after the matter had been successfully resolved.[1] The cross-complaint also included a cause of action in quantum meruit.

Mink demurred to the cross-complaint, arguing that the client's belated acknowledgement and consent to the referral arrangement failed to satisfy

---

[1] According to the pleadings, the referral was made in 1999, Mink received $400,000 as compensation for litigating the referred matter in October or November 2001, and the client signed an acknowledgment and consent to the division of fees on or about February 15, 2002.

Rule 2-200 in two particulars: Mink contended the rule requires first that the fee-sharing arrangement be in writing and signed by Mink in order to be enforceable, and second that the client's written consent must be obtained at the outset of the litigation. The trial court determined that the client's late-obtained consent did not satisfy the rule, and so sustained the demurrer.

■ Interpretation of the rule here at issue is a question of law and thus subject to de novo review. (*Margolin v. Shemaria* (2000) 85 Cal.App.4th 891, 895 [102 Cal.Rptr.2d 502].)

Rule 2-200 provides: "(A) A member shall not divide a fee for legal services with a lawyer who is not a partner of, associate of, or shareholder with the member unless: [¶] (1) The client has consented in writing thereto after a full disclosure has been made in writing that a division of fees will be made and the terms of such division . . . ." The trial court ruled that the client's written consent, obtained after the conclusion of the representation in the referred matter, did not satisfy the requirements of Rule 2-200. We do not agree.

■ The rule requires that the client's written consent be obtained prior to any division of fees. This simple dictate cannot reasonably be read to require the client's written consent prior to the lawyers' entering into a fee-splitting arrangement, or prior to the commencement of work, or at any time other than prior to any division of fees. And Rule 2-200 certainly cannot be read, as Mink would have us do, to include a requirement nowhere appearing therein, that the fee-splitting agreement between the attorneys must be in writing.[2] Thus, while we agree with Mink that written agreements are preferable to oral ones, and that written consents obtained early in the process are preferable to those obtained after the fact, those preferences are not contained in Rule 2-200, and therefore cannot invalidate a written consent which complies in all respects with the plain language of the rule.

■ The trial court also dismissed Maccabee's quantum meruit claim. Shortly thereafter, the Supreme Court issued its opinion in *Huskinson & Brown v. Wolf* (2004) 32 Cal.4th 453 [9 Cal.Rptr.3d 693, 84 P.3d 379]. In that case, the Court considered the issue of whether a lawyer who may not recover under a fee-splitting agreement for lack of the client's written consent may nevertheless recover in quantum meruit. The Court determined that, while a

---

[2] As a matter of interest, Los Angeles County Bar Association Formal Opinion 467 (1993) reached these same conclusions some years ago, opining that "There is no requirement that the client's consent be obtained before the lawyer enters into a fee-sharing agreement. The Rule bars division of fees without the client's consent; i.e., it is enough that the client's consent be obtained before the division is made." The opinion also noted that there is no requirement that the fee-sharing agreement itself be in writing and signed by the lawyers.

lawyer promised a referral fee may not recover for breach of contract in the absence of the client's consent to the fee-splitting arrangement, he or she may recover under the theory of quantum meruit even in the absence of the client's written consent. Thus, *Huskinson & Brown* establishes that Maccabee's cause of action in quantum meruit survives demurrer.

Mink argues on appeal that *Huskinson & Brown* does not apply to the facts of this case because "The trial court implicitly found that Mr. Maccabee's cause of action for quantum meruit was not a genuine attempt to recover for services rendered but instead was a subterfuge to recover a prohibited referral fee." However, since a demurrer does not permit the trial court to make any factual findings at all, including "implicit" ones, the argument is not persuasive.

Because we conclude that Maccabee's cross-complaint states a cause of action for breach of an oral fee-splitting agreement as well as a claim in quantum meruit, we reverse the dismissal of the cross-complaint.

    2. *Judgment on the complaint*[*]

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

## DISPOSITION

The judgment notwithstanding the verdict on the complaint is affirmed. The dismissal of the cross-complaint is reversed. The parties are to bear their own costs on appeal.

Turner, P. J., and Mosk, J., concurred.

Appellant's petition for review by the Supreme Court was denied November 17, 2004. Brown, J., did not participate therein. Kennard, J., and Chin, J., were of the opinion that the petition should be granted.

---

[*]See footnote, *ante,* page 835.