MEMORANDUM **
Naren Chaganti (“Chaganti”) appeals the dismissal of his suit against Paul Arena and i2 Phone International, Inc.-(collectively, the “Defendants”) for lack of subject matter jurisdiction, contending the district court misapplied California state law in concluding that he failed to state allegations sufficient to meet 28 U.S.C. § 1332(a)’s $75,000 amount-in-controversy requirement. Reciting the facts only as necessary, we affirm.
The parties first dispute whether there was a contract implied-in-fact or a quasi-contract for Chaganti’s provisional patent application work. We need not decide whether there was a contract implied-in-fact or if, instead, Chaganti should be compensated in quantum meruit. Under either theory, Chaganti would be entitled to expenses plus his hourly fee for the, work, or $46,744. In other words, Cha-ganti claims no more under the alleged implied-in-fact contract than the reasonable value of his services. With respect to his claim for the provisional patent application work, Chaganti has therefore established an amount in controversy of $46,744.
Chaganti also claims he is entitled to 500,000 shares of stock in i2 Phone, worth approximately $2.5 million, for services provided prior to his work on the provisional patent applications (the “pre-patent work”). As a threshold matter, Chaganti’s First Amended Complaint never stated a claim for the pre-patent work or the alleged promise to grant 500,000 shares; he raised this claim for the first time only in his motion for summary judgment. Cha-ganti never amended his complaint to include a claim with respect to the pre-patent work for either breach of contract *56 (500,000 shares) or quantum meruit ($13,-750). Thus, it appears this claim is not properly before the court. See, e.g., Guglielmino v. McKee Foods Corp., 506 F.3d 696, 698 (9th Cir.2007) (to establish jurisdiction under § 1332(a), the “allegations in the complaint [must] set forth an amount in controversy” greater than $75,000 (emphasis added)).
In any event, the district court was correct to conclude there was no contract with respect to the pre-patent work and that Chaganti was therefore entitled to recover only under the quasi-contract theory. The parties agree that (1) Chaganti expected to be paid and the Defendants expected to pay him for the pre-patent work, and (2) the parties had not agreed to a form or method of payment until well after the services were rendered. The circumstances therefore give rise to a quasi-contract: although there was no meeting of the minds prior to the provision of services, there was an “expectation of both parties during the time that the services were rendered that compensation should be made.” 1 Witkin, Summary of Cal. Law, Contracts, § 102 (10th ed.2005); see also Huskinson & Brown, LLP v. Wolf, 32 Cal.4th 453, 9 Cal.Rptr.3d 693, 84 P.3d 379, 381 (2004). If he had included this claim in his complaint, Chaganti would therefore have been entitled, to a legal certainty, only to the reasonable value of his pre-patent services, or $13,750. Chaganti’s claim that the quantum meruit measure would be the value of the shares is without foundation. There is no basis to think his pre-patent work had a reasonable value of $50,000 per hour.
Chaganti finally claims that the Defendants tortiously interfered with his “existing and potential relationship” with Super-Caller, resulting in a loss of $50,000 in future business related to further patent preparation work. Although Chaganti equivocates as to whether his claim is for tortious interference with prospective economic advantage or interference with contract, the allegations and evidence indicate it is the former and not the later. Even granting Chaganti’s claim that the Defendants induced SuperCaller to terminate his services, the termination could not have amounted to a breach of contract because neither Lim nor Mostowfi was under a contractual obligation to continue using Chaganti’s services — either party was always free to end the relationship without cause. Indeed, Chaganti never asserted that the Defendants induced Lim or Mos-towfi to breach any contractual obligation with respect to lost future business.
Construing his claim for lost future business as a claim of interference with prospective economic advantage, it appears to a legal certainty that Chaganti cannot recover damages in excess of $75,000. In California, “the tort of intentional interference with prospective economic advantage” includes five elements:
(1) an economic relationship between the plaintiff and some third party, with the probability of future economic benefit to the plaintiff; (2) the defendant’s knowledge of the relationship; (3) intentional acts on the part of the defendant designed to disrupt the relationship; (4) actual disruption of the relationship; and (5) economic harm to the plaintiff proximately caused by the acts of the defendant.
Korea Supply Co. v. Lockheed Martin Corp., 29 Cal.4th 1134, 131 Cal.Rptr.2d 29, 63 P.3d 937, 950 (2003). And with respect to the third element, the plaintiff “must show that the defendant’s conduct was independently wrongful,” id., 131 Cal. Rptr.2d 29, 63 P.3d at 953, such that the interference is accomplished through “unlawful conduct” or “independently tortious means.” Della Penna v. Toyota Motor *57 Sales, U.S.A., Inc., 11 Cal.4th 376, 45 Cal.Rptr.2d 436, 902 P.2d 740, 761 (1995).
It is legally certain that Chaganti cannot satisfy the Della Penna independent wrongful act requirement. For the first time on appeal, Chaganti makes four claims that the Defendants acted independently wrongfully. First, Chaganti alleges the Defendants’ threat to withdraw from the investment deal was wrongful because “[Arena] did not have a right to threaten breach of a preexisting obligation.” Cha-ganti cites no California law that would make a threat to cancel an investment unlawful.
Second, Chaganti alleges Arena breached his fiduciary duty as a director of Su-perCaller by “depriv[ing] SuperCaller of its chosen counsel” for “his own personal benefit.” But there are no allegations or evidence that plausibly suggest Arena acted from self-interest — nor is it apparent in the abstract how he might have improperly profited from inducing SuperCaller to fire one attorney and hire another whom he believed better qualified.
Third, Chaganti alleges the Defendants generally “have a habit of failure to pay anyone who worked for them.” But there is no allegation or evidence that the Defendant’s alleged habitual failure to pay prior contracts functioned as the “means” by which they interfered with Chaganti’s prospective economic gain from SuperCaller.
Finally, Chaganti alleges the Defendants acted wrongfully by “converting] the money and shares [that] belonged” to him. This claim for conversion is merely a restatement of his breach of contract claims dealt with above; it has nothing to do with the alleged tortious interference with prospective economic advantage.
Viewing the allegations and evidence in the light most favorable to Chaganti, it is legally certain that he cannot recover more than $46,744. Even permitting him leave to amend his complaint to include a claim for the pre-patent work, he still cannot state a claim for more than $60,494 — still below § 1332(a)’s $75,000 threshold.
AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.