FILED

**NOT FOR PUBLICATION**

JUN 03 2011

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| EDWARD ALVARADO, | No. 10-15057 |
| Plaintiff, | D.C. No. 3:04-cv-00098-SI |
| and | |
| WAUKEEN Q. MCCOY, | MEMORANDUM[*] |
| Appellant, | |
| v. | |
| CARLENE YOUNG; et al., | |
| Appellees, | |
| and | |
| FEDEX CORPORATION, a Delaware corporation, DBA Fedex Express, | |
| Defendant. | |

| | |
|---|---|
| EDWARD ALVARADO, | No. 10-15137 |
| Plaintiff, | D.C. Nos.   3:04-cv-00098-SI |
| | 3:04-cv-00099-SI |

---

[*]   This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

and

KAY MCKENZIE PARKER,

        Appellant,

  v.

WAUKEEN Q. MCCOY,

        Appellee,

  and

FEDEX CORPORATION, a Delaware
corporation, DBA Fedex Express,

        Defendant,

  and

CARLENE YOUNG; et al.

Appeal from the United States District Court
for the Northern District of California
Susan Illston, District Judge, Presiding

Argued and Submitted May 12, 2011
San Francisco, California

Before: W. FLETCHER and N.R. SMITH, Circuit Judges, and JONES, Chief
District Judge.[**]

---

    [**]    The Honorable Robert Clive Jones, Chief District Judge for the U.S.
District Court for Nevada, Reno, sitting by designation.

We have jurisdiction under 28 U.S.C. § 1291 and we affirm in part, reverse in part, and remand, the district court's award of costs and fees in the interpleader action.

1.     The district court did not abuse its discretion in exercising supplemental jurisdiction over the interpleader action concerning the attorney's fee dispute. It is well-established that courts have jurisdiction over "fee disputes arising from litigation pending before a district court." *Curry v. Del Priore*, 941 F.2d 730, 731 (9th Cir. 1991).

2.     The district court did not err in dividing the attorney's fees between McCoy and Parker even though there was no fee splitting agreement. Parker was entitled to claim her fees in quantum meruit. *Huskinson & Brown, LLP v. Wolf*, 84 P.3d 379, 381-82 & n.2 (Cal. 2004).

3.     The district court's procedures for submitting evidence regarding the claims for contingent attorney's fees was not a due process violation. McCoy was afforded notice and opportunity to respond to Parker's, Young's, and Alioto's claims at a hearing and through written submissions. *See Mathews v. Eldridge*, 424 U.S. 319, 333 (1976). McCoy's unwillingness to comply with those procedures does not create a constitutional violation.

4. The district court did not abuse its discretion in awarding Parker 25% of the contingent fee and awarding McCoy the remaining 75%. The explanation given by the court is sufficient to afford meaningful review. *Gates v. Deukmejian*, 987 F.2d 1392, 1398 (9th Cir. 1992). The district court based Parker's award of quantum meruit fees on the relative value of her legal services to the client. The "district judge is in the best position to judge the reasonableness of the fee award . . . ." *Id.* at 1399. Here, although McCoy did not submit a fee application, the district court was familiar with both his and Parker's work during the entire case. While it acknowledged that Parker had done significant work to keep the case going, it also noted that Parker's deficient work resulted in plaintiffs' losing claims on summary judgment (citing an example) and that McCoy's success at trial was the impetus for the successful settlements. The "nature of the litigation," "the skill employed, the attention given, [and] the success or failure of the attorney's efforts" are all proper considerations in a quantum meruit action. *Mardirossian & Assocs., Inc. v. Ersoff*, 62 Cal. Rptr. 3d 665, 677 (Ct. App. 2007).

5. The district court did not abuse its discretion denying Parker's claims for contract labor and establishing a new residence and office in San Francisco. "Determination of [the] amount of fees and costs is within the sound discretion of the trial court." *Salton Bay Marina, Inc. v. Imperial Irrigation Dist.*, 172 Cal. App.

4

3d 914, 950 (1985). Here, unlike *Salton Bay*, Parker is claiming costs, not attorney's fees. *See id.* at 951. Moreover, Parker has not shown that it is customary to bill separately for legal assistants or office staff. *See Trustees of Constr. Indus. and Laborers Health and Welfare Trust v. Redland*, 460 F.3d 1253, 1257 (9th Cir. 2006).

The district court similarly did not abuse its discretion in holding that establishing a new office and residence was an overhead expense and not "travel" as contemplated by the parties to the agreement.

The court did not abuse its discretion in requiring Parker to pay part of Dr. Young's fee. Although it held that expert fees were recoverable, it explained that the attorneys should pay Dr. Young's fee, because the plaintiffs did not benefit from Dr. Young's work as a consequence of the attorneys' failure to timely disclose Dr. Young as an expert.

6. The district court abused its discretion by finding that the remaining costs were recoverable, yet including them in Parker's award of contingent attorney's fees without explanation. The contract clearly provides that "You [the plaintiffs] also agree to pay all costs and expenses incurred . . . ." By including the costs in Parker's share of the quantum meruit fees, the court effectively caused Parker to pay the costs, contrary to its finding that they were recoverable from the plaintiffs.

5

There is  no legal basis in California law for finding costs recoverable, yet including those costs in an attorney's fee award, when the contract provides that costs are recoverable *in addition to* the contingent fee.  We reverse the inclusion of the remaining $48,731.45 in costs in Parker's fee award.

Parties will bear their own costs on appeal.

**AFFIRMED in part, REVERSED in part.**