**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| CHASE INVESTMENT SERVICES CORP., | No. 10-56785 |
| Plaintiff - Appellee, | D.C. No. 2:09-cv-09152-SVW-MAN |
| BETTS AND GAMBLES INVESTMENTS, INC.; et al. | |
| Defendants - Appellees, | MEMORANDUM* |
| AMEDRAA, LLC, | |
| Defendant-cross-claimant-Appellee, | |
| v. | |
| LAW OFFICES OF JON DIVENS & ASSOCIATES, LLC, et al. | |
| Defendant cross-claimant - Appellant. | |

Appeal from the United States District Court
for the Central District of California
Stephen V. Wilson, District Judge, Presiding

Argued and Submitted July 10, 2012

---

\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Pasadena, California

Before: TALLMAN and N.R. SMITH, Circuit Judges, and BENSON, District Judge.[**]

Plaintiff-in-Interpleader Chase Investment Services Corp. ("Plaintiff" or "CISC") filed this interpleader action against, in part, (1) Jon Divens ("Divens"), (2) the Law Offices of Jon Divens & Associates, LLC ("JDA"), (3) Betts and Gamble Investments, Inc. and Betts and Gambles Global Equities, LLC (collectively "Betts"), and (4) Amedraa, LLC ("Amedraa"). These Defendants-in-Interpleader asserted, in part, conflicting claims to the interest earned on two of the collateralized mortgage obligations ("CMOs") in a CISC securities brokerage account ("the Account" or "the CISC account"). The district court held a bench trial and awarded the interest earned on the CMOs to Betts and Amedraa. The district court found Divens's testimony to be "wholly incredible" and that "Divens created a scheme to defraud [Betts] and Amedraa and to steal their assets." *Chase Inv. Services Corp. v. Law Offices of Jon Divens & Associates, LLC*, 748 F. Supp. 2d 1145, 1151 (C.D. Cal. 2010).

---

[**] The Honorable Dee V. Benson, District Judge for the U.S. District Court for Utah, sitting by designation.

In this appeal, Divens and JDA (together, "Divens") take issue with the district court's credibility determinations, three of its findings of fact, and three of its conclusions of law. Jurisdiction is proper under 28 U.S.C. § 1291. We affirm.

1. Divens argues that the district court's witness credibility determinations should be reviewed pursuant to a substantial evidence standard. This argument fails. A district court's credibility determinations are reviewed for clear error and entitled to special deference. *Anderson v. Bessemer City*, 470 U.S. 564, 573 (1985); *Beech Aircraft Corp. v. U.S.*, 51 F.3d 834, 838 (9th Cir. 1995). The district court did not clearly err when it determined that the testimony of Jon Divens was "wholly incredible" and the testimony of James Savor was "credible" and "corroborated by the exhibits admitted at trial." *Chase Inv. Services Corp.*, 748 F. Supp. 2d at 1151.

2. Divens argues that the district court clearly erred when it found that Divens did not have any agreement with any representative or agent of Betts or Amedraa that entitled Divens or JDA to the interest generated by the CMOs. A district court's findings of fact are reviewed for clear error. Fed. R. Civ. P. 52(a); *Purcell v. Gonzalez*, 549 U.S. 1,5 (2006); *Navajo Nation v. U.S. Forest Service*, 535 F.3d 1058, 1067 (9th Cir. 2008). The record in this case adequately supports

3

the district court's findings of fact that no such agreement existed. The findings are not clearly erroneous.

3. Divens argues that the district court erred when it found that Divens acquired the CMOs by falsely promising to act solely as an escrow agent and that he absconded with the CMOs and stole their interest. The district court's findings of fact are not clearly erroneous, *see* Fed. R. Civ. P. 52(a); *Purcell*, 549 U.S. at 5; *Navajo Nation*, 535 F.3d at 1067, and this argument also fails.

4. Divens argues that the district court also erred when it found that Divens created a scheme to defraud Betts and Amedraa and to steal their assets because (1) Divens was authorized to place the CMOs in trading by both written and oral agreements; (2) Divens and Wilde contested Savor's allegations that they were not authorized to move the CMOs; and (3) Divens was diligent in attempting to place the CMOs in trading. But Divens has pointed to no evidence in the record showing that the district court's finding was clearly erroneous, *see* Fed. R. Civ. P. 52(a); *Purcell*, 549 U.S. at 5; *Navajo Nation*, 535 F.3d at 1067, and we therefore reject Divens's argument to the contrary.

5. Divens argues that the district court erred when it concluded that JDA is not entitled to the interest on the CMOs under the theory of quantum meruit. Quantum meruit is a theory of recovery where the law implies a promise to pay for

4

services, under circumstances showing that the services were not gratuitously rendered. *Huskinson & Brown, LLP v. Wolf*, 9 Cal. Rptr. 3d 693, 696 (Cal. 2004). A district court's conclusions of law are reviewed de novo, however, factual findings therein are reviewed for clear error. *Husain v. Olympic Airways*, 316 F.3d 829, 835 (9th Cir. 2002).

Because Divens's trial testimony is incredible, the record evidence relied on by Divens provides no support for his argument. Additionally, the California Supreme Court did not create an exception to the benefit rule where the performance of services have not been actually rendered. *Earhart*, 25 Cal.3d at 515. Divens also failed to meet his burden under quantum meruit of showing the reasonable value of his alleged services rendered. *Miller v. Campbell, Warburton, Fitzsimmons, Smith, Mendel & Pastore*, 76 Cal. Rptr. 3d 649, 661 (Cal. Ct. App. 2008). Therefore, the district court's conclusion that JDA is not entitled to the interest on the CMOs under the theory of quantum meruit is not erroneous.

6. Under California's Commercial Code, adverse claims to a financial asset may not be asserted against a person who acquires a security entitlement (1) for value and (2) without notice of the adverse claim. Cal. Com. Code § 8502. Divens argues that the district court erred when it concluded that JDA does not satisfy the value prong of Section 8502. This argument fails. With respect to the Cobalt

5

CMO, because the district court did not clearly err when it found that the attempted trading was never authorized, agreed to, or otherwise bargained for by Betts, the district court's conclusion that neither Divens nor JDA provided any value in exchange for the interest payments on the Cobalt CMO is correct. *See Husain*, 316 F.3d at 835. With respect to the FNMA Series CMO, because Divens's testimony was found incredible while James Savor's testimony was found credible, the district court's conclusion that JDA did not provide any value in exchange for the interest payment earned on the FNMA Series CMO is not erroneous. *See id.* Therefore, the district court's conclusion that JDA does not satisfy the value prong of California Commercial Code § 8502 is proper.

Even if value was provided in exchange for interest payments on the CMO, the district court did not err in determining that Divens and JDA had notice of adverse claims under California Commercial Code § 8102(1). The district court's findings, however, are supported by the record and Divens has not pointed to any evidence giving rise to a "definite and firm conviction that a mistake has been made." *Husain*, 316 F.3d at 835 (internal quotations omitted). Therefore, the district court's conclusion that JDA had notice of Betts's and Amedraa's adverse claims under California Commercial Code § 8102(1) was correct.

7.  Lastly, the district court did not err when it included the time period from February 2009 to March 2009 in its award of damages because its holding is not inconsistent with that award.

**AFFIRMED.**