Filed 6/1/23  Mink v. Moda CA2/4

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(a). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115(a).

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| LYLE R. MINK et al., | B313022 |
| Cross-complainants and Respondents, | Los Angeles County Super. Ct. No. 19SMCV01498 |
| v. | |
| KEVIN MODA, | |
| Cross-defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, H. Jay Ford III, Judge. Affirmed.

Bhola and Associates and Vip Bhola for Cross-Defendant and Appellant.

Weiss & Zaman, Thomas J. Weiss and Shawn Zaman for Cross-Complainants and Respondents.

# INTRODUCTION

Kevin Moda sued his former lawyer, and the lawyer's law firm. The lawyer and his firm cross-complained for, among other things, unpaid fees. Moda now appeals from the trial court's order granting in part and denying in part Moda's special motion to strike the cross-complaint under Code of Civil Procedure[1] section 425.16 (i.e., an anti-SLAPP motion). For the reasons discussed below, we affirm.

# BACKGROUND

In October 2018, Moda signed an attorney-client fee contract with Lyle R. Mink and Lyle R. Mink, a Law Corporation (collectively, "Mink"), by which Moda retained Mink to represent him and his two LLCs in *Mazgani v. Moda*, Case No. BC607465 (the *Mazgani* action). The record reflects Mink represented Moda and his LLCs from October 2018 to August 2019.

In August 2019, Moda sued Mink for damages allegedly sustained as a result of Mink's malfeasance and deficient representation in the *Mazgani* action and a related case.[2] Moda's operative complaint asserts Mink is liable for legal malpractice and breach of fiduciary duty.

In December 2020, Mink filed a cross-complaint against Moda, asserting claims for breach of contract (first cause of action) and quantum meruit (second cause of action). With respect to his breach of contract claim, Mink alleged "Moda

---

1 All undesignated statutory references are to the Code of Civil Procedure.

2 Moda also sued Kasey Diba and Finnigan and Diba, a Law Corporation. Neither defendant is a party this appeal.

2

engaged in conduct that constituted a material breach of [the parties' attorney-client fee] contract, a material failure of consideration (both current and prospective), and frustration of purpose . . . ." Specifically, in paragraph 14 of the cross-complaint (Paragraph 14),[3] Mink alleged Moda failed to provide Mink with necessary information; failed to be truthful with Mink; failed to keep Mink informed of important developments; hired another attorney to try the *Mazgani* action without Mink's prior knowledge or consent; substantially expanded the amount of work Moda wanted Mink to perform; failed to provide Mink with evidence required for trial preparation; and presented Mink with "conflicting, impossible, [and] unethical" instructions and requests. Consequently, Mink alleged, Moda "caused Mink . . . to terminate his representation of Moda and the LLCs[,]" and "required Mink to make a motion to be relieved [as counsel] for the LLCs[,]" but "then opposed the motion for no legally cognizable reason." Based on Moda's alleged conduct, Mink's first cause of action sought "at least $124,625" in damages.

In support of his quantum meruit claim, Mink realleged the allegations underlying his breach of contract claim. He then alleged: "Within the past two years, in Los Angeles California, Mink furnished work, labor[,] and professional services to Moda at his . . . special request. The reasonable value of the services that have not been paid for is at least $124,625. [¶] . . . This sum has not been paid notwithstanding that demand has been made therefor. There is now due and owing, and unpaid from Moda[,] the sum of $124,625 together with interest at the rate of 10% per annum thereon."

---

3    Paragraph 14 consists of one primary paragraph followed by nine sub-paragraphs, labeled (a) through (i).

Moda then filed his anti-SLAPP motion. He sought to strike the cross-complaint in its entirety, and to recover attorneys' fees and costs relating to his motion.

The trial court heard Moda's anti-SLAPP motion on April 20, 2021, and took it under submission. Six days later, the court granted in part and denied in part Moda's motion.

The trial court began its analysis by determining the allegations in Paragraph 14 demonstrated Mink's breach of contract claim largely arises out of protected activity within the purview of section 425.16, subdivision (e). In so doing, it first concluded "Moda's filing of an opposition to Mink's motion to be relieved as the LLC's counsel qualifies as protected conduct under [section 425.16, subdivision] (e)(1)."

The trial court then determined Moda's other alleged acts, described in Paragraph 14, constituted protected activity under section 425.16, subdivision (e)(2). On this point, the court explained: "Mink alleges Moda breached the attorney-client fee agreement by engaging in certain conduct in connection with Mink's defense of Moda in the Mazgani litigation. All of Moda's alleged conduct (1) related to substantive issues under consideration or review by a judicial body, the Mazgani litigation (2) was directed to an interested person, i.e., Mink, who was counsel of record, and (3) arose out of the litigation, e.g.[,] failing to respond to demands for information from Mink for purposes of representing Moda in the Mazgani litigation, demanding that Mink file a motion for terminating sanctions in that litigation, demanding that Mink perform additional work on the litigation, giving instructions and making requests that were conflicting, impossible[,] or unethical in connection with that litigation[,] and hiring additional counsel without consulting Mink."

Subsequently, the trial court determined that, in addition to the conduct described in Paragraph 14, Mink's cross-complaint and his opposition to Moda's motion reflected his breach of contract claim "is [also] based in part on Moda's failure to pay Mink's fees." It held that "Moda's failure to pay Mink's fees [owed] under the attorney-client fee agreement does not qualify as protected conduct under either [section 425.16, subdivision] (e)(1) or (e)(2)[,]" because: "Failure to pay fees is not a statement before a judicial body, nor [is] it conduct in connection with an issue under consideration by a judicial body. The Mazgani litigation had nothing to do with whether Mink was entitled to payment for his services therein."

Accordingly, in applying the second prong of the anti-SLAPP statute to Mink's first cause of action, the trial court considered whether Mink made a prima facie showing of facts to sustain a favorable judgment for breach of contract based on the conduct alleged in Paragraph 14 that the court had found to be protected activity. It concluded Mink failed to meet his burden and granted the anti-SLAPP motion with respect to those aspects of the claim. The court denied the motion, however, to the extent Mink's first cause of action was based on Moda's failure to pay Mink's fees.

Turning to the second cause of action, the trial court determined "Moda fail[ed] to establish that [Mink's claim] for quantum meruit arises from protected conduct." In so doing, the trial court concluded Mink's incorporation of Paragraph 14 into the second cause of action did not establish the claim arose from the acts alleged therein. In support of this conclusion, the court explained: "None of the acts alleged in [Paragraph] 14 supply an element of the quantum meruit claim, which is based on

5

nonpayment of fees in contravention of Moda's allege[d] promise to pay Mink for legal services rendered." Therefore, the trial court denied the anti-SLAPP motion with respect to Mink's second cause of action.

Finally, "[i]n light of Moda's substantial, but not complete success [on his anti-SLAPP motion]," the trial court awarded Moda $10,594 in attorneys' fees and costs.

## DISCUSSION

### I.  Governing Principles and Standard of Review

"We review de novo a trial court's decision on an anti-SLAPP motion. [Citation.] The anti-SLAPP statute requires a two-step process: 'At the first step, the moving defendant bears the burden of identifying all allegations of protected activity, and the claims for relief supported by them. . . . If the court determines that relief is sought based on allegations arising from activity protected by the statute, the second step is reached. There, the burden shifts to the plaintiff to demonstrate that each challenged claim based on protected activity is legally sufficient and factually substantiated. The court, without resolving evidentiary conflicts, must determine whether the plaintiff's showing, if accepted by the trier of fact, would be sufficient to sustain a favorable judgment. If not, the claim is stricken.' [Citation.] In making these determinations the court considers 'the pleadings, and supporting and opposing affidavits stating the facts upon which the liability or defense is based.'" (*Briganti v. Chow* (2019) 42 Cal.App.5th 504, 508.)

A moving defendant satisfies his or her burden under the first prong of the anti-SLAPP statute by "'demonstrating that the act underlying the plaintiff's cause fits one of the categories

6

spelled out in section 425.16, subdivision (e)[.]'" (*Navellier v. Sletten* (2002) 29 Cal.4th 82, 88 (*Navellier*).) That statute defines protected activities as: "(1) any written or oral statement or writing made before a legislative, executive, or judicial proceeding, or any other official proceeding authorized by law, (2) any written or oral statement or writing made in connection with an issue under consideration or review by a legislative, executive, or judicial body, or any other official proceeding authorized by law, (3) any written or oral statement or writing made in a place open to the public or a public forum in connection with an issue of public interest, (4) any other conduct in furtherance of the exercise of the constitutional right of petition or the constitutional right of free speech in connection with a public issue or an issue of public interest." (§ 425.16, subd. (e).)

For purposes of the anti-SLAPP statute's first prong, "the critical consideration is whether the cause of action is *based on* the defendant's protected free speech or petition activity." (*Navellier*, *supra*, 29 Cal.4th at p. 89, original italics.) "To determine whether a claim arises from protected activity, courts must 'consider the elements of the challenged claim and what actions by the defendant supply those elements and consequently form the basis for liability.'" (*Wilson v. Cable News Network, Inc.* (2019) 7 Cal.5th 871, 884 (*Wilson*).)

## II.    Analysis

Moda contends the trial court erred by denying his anti-SLAPP motion with respect to Mink's second cause of action. Although not entirely clear, he appears to raise two arguments in support of his position. We address each in turn.

First, Moda argues that by concluding Mink's quantum meruit claim is not covered by the anti-SLAPP statute, the trial

court erroneously "carved out an exception to applying the anti-SLAPP statute[ to] attorneys' lawsuits against their former clients for fees." Mink responds that rather than creating an exception to the anti-SLAPP statute, the trial court correctly applied the law to conclude his quantum meruit claim "is not one arising from protected activity." As discussed below, we agree with Mink.

As an initial matter, we note Moda's contention is unsupported by citations to pertinent legal authority or reasoned argument clearly explaining why reversal is required based on his cursory assertion of error. Under these circumstances, we conclude he has forfeited his argument. (*Benach v. County of Los Angeles* (2007) 149 Cal.App.4th 836, 852 [points of error raised but unsupported by reasoned argument and citations to legal authority may be treated as forfeited].)

In any event, the argument is meritless. The trial court did not—as Moda suggests—conclude the anti-SLAPP statute never applies to lawsuits by attorneys seeking fees from former clients. Instead, the court denied Moda's motion with respect to Mink's second cause of action because it determined "Moda fail[ed] to establish that [the claim] arises from protected conduct under [section 425.16, subdivision (e)]." In so doing, the court applied well-settled legal principles governing the first prong of the anti-SLAPP statute, and ultimately concluded: (1) the conduct forming the basis of Mink's quantum meruit claim is Moda's failure to pay fees for legal services furnished by Mink at Moda's request; (2) "[n]one of the acts alleged in [Paragraph] 14 supply an element of the quantum meruit claim[ ]"; and (3) Moda's failure to pay fees for services rendered is not protected activity under section 425.16, subdivision (e).

Next, Moda appears to contend the trial court erred by concluding Mink's quantum meruit claim does not arise out of the same protected activity underlying his breach of contract claim. In support of his argument, Moda emphasizes Mink incorporated paragraphs 1 through 15 of the cross-complaint into his second cause of action.

Moda's argument is unavailing. Having reviewed the record, we agree with the trial court that although the second cause action incorporates by reference all the allegations in support of Mink's first cause of action, the cross-complaint unambiguously reflects Mink's quantum meruit claim is based on Moda's alleged failure to compensate Mink for legal services performed at Moda's request. As the trial court observed: "Quantum meruit refers to the well-established principle that 'the law implies a promise to pay for services performed under circumstances disclosing that they were not gratuitously rendered. [Citation.] To recover in quantum meruit, a party need not prove the existence of a contract [citations], but it must show the circumstances were such that 'the services were rendered under some understanding or expectation of both parties that compensation therefor was to be made' [citations]." (*Huskinson & Brown v. Wolf* (2004) 32 Cal.4th 453, 458.) Moda has not explained—and we fail to see—how the alleged conduct supplying the elements of this claim (i.e., his failure to pay Mink for services rendered) is "protected free speech or petitioning activity[ ]" (*Navellier, supra*, 29 Cal.4th at p. 89), which "'fits one of the categories spelled out in section 425.16, subdivision (e)[.]'" (*Id.* at p. 88; see also *Wilson, supra*, 7 Cal.5th at p. 884.)

In sum, for the reasons discussed above, Moda has not demonstrated the trial court erred by determining he failed to

show Mink's second cause of action arises out of protected activity. Accordingly, we conclude the trial court correctly denied Moda's anti-SLAPP motion with respect to that claim.[4]

---

4      In light of this conclusion, we need not address Moda's contentions appearing to assert Mink failed to satisfy his burden on the second prong of the anti-SLAPP statute with respect to the second cause of action. (*Navellier*, *supra*, 29 Cal.4th at p. 89 ["Only a cause of action that satisfies *both* prongs of the anti-SLAPP statute—i.e., that arises from protected speech or petitioning *and* lacks even minimal merit—is a SLAPP, subject to being stricken under the statute" (original italics)].) In addition, we decline to address Moda's argument, raised for the first time in his reply brief, that the entire cross-complaint should be stricken "as senseless gamesmanship." (See *Reichardt v. Hoffman* (1997) 52 Cal.App.4th 754, 764 [in general, points raised for the first time in a reply brief will not be considered].)

## DISPOSITION

The order is affirmed. Respondents shall recover their costs on appeal.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**


CURREY, Acting P. J.

We concur:


COLLINS, J.


ZUKIN, J.*

---

\*    Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to Article VI, section 6, of the California Constitution.