[No. G039758. Fourth Dist., Div. Three. Sept. 19, 2008.]

KATHLEEN STRONG, Plaintiff and Appellant, v.
ALI BEYDOUN et al., Defendants and Respondents.

COUNSEL

Strong Law Office and Kathleen Strong for Plaintiff and Appellant.

Law Offices of Michael G. York and Michael G. York for Defendants and Respondents.

## OPINION

**SILLS, P. J.**—Kathleen Strong appeals from the judgment of dismissal entered after a demurrer to her complaint against Ali Beydoun and Edwin Craig Sheldon for attorney fees was sustained without leave to amend. Strong's complaint sought recovery under the theories of quantum meruit and unjust enrichment for the reasonable value of legal services she rendered for Beydoun and Sheldon under a fee-sharing agreement with Attorney Bill Suojanen. Strong also sued for declaratory relief. The trial court found that rule 2-200 of the Rules of Professional Conduct of the State Bar (Rule 2-200) rendered the fee-sharing agreement unenforceable because the clients did not sign it; therefore, Strong was barred from recovering any form of compensation from them. Strong contends the trial court erred because the rule does not bar noncontractual causes of action. We agree that Strong cannot recover from the clients and affirm.

### FACTS

Strong's second amended complaint alleges that Suojanen was retained by Beydoun and Sheldon to represent them in their claims against Novell, Inc. Suojanen asked Strong to help him with the prosecution of certain cases, including the Novell case. Strong agreed to help, and the two entered into a fee-sharing agreement. Suojanen's agreement with Beydoun and Sheldon was for a contingency fee of 33 1/3 percent. Suojanen said he would get the signatures of his clients approving the fee-sharing agreement, and Strong began work. She worked on the Novell case for more than one year. Then, "abruptly and without good cause," Suojanen terminated her services on behalf of Beydoun and Sheldon. Beydoun and Sheldon subsequently recovered $550,000 in damages from Novell, thereby benefitting from her work. Strong alleges Beydoun and Sheldon knew she performed work on their case and that she expected payment. She has received no payment. "If the fees had been divided in accordance with the pro rata scheme proposed by Suojanen, [Strong's] fee would have been at least $75,000 . . . ."

Strong's complaint alleges causes of action against Suojanen for fraud, intentional interference with prospective economic advantage, and promissory estoppel. It alleges causes of action against Beydoun, Sheldon, and Suojanen for quantum meruit, unjust enrichment, and a declaration of "the percentages and/or specific amounts of any future funds Defendants may ultimately be required to pay to Plaintiff [and] whether there should be an attorneys fee lien placed upon such distributions from Novell . . . ."

The trial court sustained the demurrers without leave to amend as to the causes of action for quantum meruit, unjust enrichment, and declaratory relief against Beydoun and Sheldon, finding that Strong could not maintain a claim against her clients because she failed to comply with Rule 2-200. Judgment was entered in favor of Beydoun and Sheldon; the case against Suojanen is ongoing.[1]

Strong appealed the judgment in favor of Beydoun and Sheldon. Shortly before oral argument, she filed a petition for writ of supersedeas, seeking a stay of the trial against Suojanen until the decision on appeal is final. Because we affirm the judgment, we deny the petition.

## DISCUSSION

Subdivision (A) of Rule 2-200 provides: "A member shall not divide a fee for legal services with a lawyer who is not a partner of, associate of, or shareholder with the member unless: [¶] (1) The client has consented in writing thereto after a full disclosure has been made in writing that a division of fees will be made and the terms of such division; and [¶] (2) The total fee charged by all lawyers is not increased solely by reason of the provision for division of fees and is not unconscionable as that term is defined in rule 4-200."

■ The Rules of Professional Conduct were adopted " 'to protect the public and to promote respect and confidence in the legal profession.' " (*Chambers v. Kay* (2002) 29 Cal.4th 142, 156 [126 Cal.Rptr.2d 536, 56 P.3d 645].) Specifically, Rule 2-200 requires written notice to the client and the client's written consent to a fee-sharing agreement so the client will know "the extent of, and the basis for, the sharing of such fees by attorneys. Knowledge of these matters helps assure the client that he or she will not be charged unwarranted fees just so that the attorney who actually provides the client with representation on the legal matter has 'sufficient compensation' to be able to share fees with the referring attorney." (*Margolin v. Shemaria* (2000) 85 Cal.App.4th 891, 903 [102 Cal.Rptr.2d 502].) The rule applies to pure referral fees and to fee sharing "among attorneys who each rendered substantial legal services to the client." (*Chambers v. Kay, supra,* 29 Cal.4th at p. 159.)

Strong acknowledges that she cannot enforce the contractual agreement between her and Suojanen. But she contends the rule does not bar her claims against Beydoun and Sheldon for unjust enrichment and quantum meruit.

---

[1] Strong's request for judicial notice of State Bar documents is denied.

In *Huskinson & Brown v. Wolf* (2004) 32 Cal.4th 453 [9 Cal.Rptr.3d 693, 84 P.3d 379], the Supreme Court held an attorney who had entered into a fee-sharing agreement with another attorney could recover from the other attorney the reasonable value of his services rendered to the client, notwithstanding the failure to comply with Rule 2-200. The plaintiff law firm referred a potential medical malpractice client to defendant Attorney Wolf. Wolf orally agreed to pay the law firm 25 percent of any attorney fees recovered in exchange for the referral. Although Wolf took over the case, the law firm paid $800 to retain an expert and performed 20 hours of legal services for the client. After judgment, Wolf received attorney fees from the client but refused to honor his agreement with the law firm.

The law firm sued for breach of contract, unjust enrichment and recovery in quantum meruit. The trial court ruled against the law firm on the breach of contract cause of action because the fee-sharing agreement did not comply with Rule 2-200. But it ruled in favor of the law firm on the unjust enrichment and quantum meruit theories. On the unjust enrichment cause of action, the trial court awarded the law firm an amount equal to that which it would have received under the fee-splitting agreement. Alternatively, it awarded the law firm $5,800 in quantum meruit for the legal services and costs (20 hours times $250 per hour, plus $800 in expert fees) it rendered on behalf of the client. The appellate court reversed the judgment with the exception of the cost award.

The Supreme Court granted review on the quantum meruit issue.[2] It pointed out that Rule 2-200 prohibited attorneys from " 'divid[ing] a fee for legal services' when certain requirements, such as written client consent to the fee division after a full written disclosure of its terms, have not been met. Notably, however, rule 2-200 does not purport to restrict attorney compensation on any basis other than a division of fees." (*Huskinson & Brown v. Wolf, supra*, 32 Cal.4th at p. 458.) The court found an award based on the reasonable value of the services was not a fee division within the prohibition of the rule. "[S]uch an award involves no apportionment of the fees that the client paid or has agreed to pay . . . ." (*Id.* at p. 459.)

---

[2] The Supreme Court left standing the Court of Appeal's reversal of the judgment for unjust enrichment, which had awarded the originally negotiated percentage of the fee. It noted that in *Chambers v. Kay, supra*, 29 Cal.4th 142, it had held "the particular fee that two attorneys negotiate without the client's consent does not furnish a proper basis for calculating the amount of recovery [for the reasonable value of services]." (*Huskinson & Brown v. Wolf, supra*, 32 Cal.4th at p. 458, fn. 2.)

 The court found support for its position from statutes and cases allowing a lawyer who renders services under a voidable or unenforceable agreement to recover the reasonable value of his or her services from the client. "Where services are rendered under a contractual compensation arrangement that is unenforceable as against public policy, but the subject services are not otherwise prohibited, quantum meruit may be allowed." (*Huskinson & Brown v. Wolf, supra,* 32 Cal.4th at p. 463.)

Strong's causes of action against Suojanen for the reasonable value of her services survived a demurrer in the trial court, and she can recover from him in quantum meruit if she proves her case as pleaded. The question here is whether she can plead causes of action against the *client* to recover the reasonable value of her services, notwithstanding the unenforceable fee-sharing agreement between her and Suojanen. No reported California case has answered this question.

 " 'Quantum meruit refers to the well-established principle that "the law implies a promise to pay for services performed under circumstances disclosing that they were not gratuitously rendered." [Citation.] To recover in quantum meruit, a party need not prove the existence of a contract [citations], but it must show the circumstances were such that "the services were rendered under some understanding or expectation of both parties that compensation therefor was to be made." ' [Citation.] The burden is on the person making the quantum meruit claim to show the value of his or her services and that they were rendered at the request of the person to be charged. [Citations.]" (*Miller v. Campbell, Warburton, Fitzsimmons, Smith, Mendel & Pastore* (2008) 162 Cal.App.4th 1331, 1344 [76 Cal.Rptr.3d 649].) Allowing an attorney to recover the reasonable value of his or her services from a client is premised on the services being requested by the client. Here, Strong alleges Beydoun and Sheldon knew she was working on their case and that she expected payment. But she does not allege they asked her to work for them or that they agreed to pay her. Rather, her financial arrangement was with Suojanen.

Rule 2-200 was adopted for the protection of the client, who is a "consumer[] of the legal expertise possessed by the attorney." (*Margolin v. Shemaria, supra,* 85 Cal.App.4th at p. 901.) "The consumer protection comes from the attorney's written disclosure and the client's written consent . . . ." (*Id.* at p. 902.) It makes no sense to allow an attorney whose only connection to the client is through an unenforceable fee-sharing agreement to recover fees directly from that client. Strong's recourse is against Suojanen.

## DISPOSITION

The judgment is affirmed. Respondents are entitled to their costs on appeal.

Moore, J., and Ikola, J., concurred.