

FILED

MAR 19 2010

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| TELEMASTERS, INC, a California corporation,<br><br>               Plaintiff - Appellant,<br><br>  v.<br><br>THE VINTAGE CLUB MASTER ASSOCIATION, a California nonprofit corporation; et al.,<br><br>               Defendants - Appellees. | No. 08-56284<br><br>D.C. No. 2:05-cv-05139-RGK-VBK<br><br><br>MEMORANDUM * |
| TELEMASTERS, INC, a California corporation,<br><br>               Plaintiff - Appellee,<br><br>  v.<br><br>THE VINTAGE CLUB MASTER ASSOCIATION, a California nonprofit corporation; et al.,<br><br>               Defendants - Appellants. | No. 08-56376<br><br>D.C. No. 2:05-cv-05139-RGK-VBK |

---

       *    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

| | |
|---|---|
| TELEMASTERS, INC, a California corporation, | No. 08-56571 |
| Plaintiff - Appellant, | D.C. No. 2:05-cv-05139-RGK-VBK |
| v. | |
| THE VINTAGE CLUB MASTER ASSOCIATION, a California nonprofit corporation; et al., | |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Central District of California
R. Gary Klausner, District Judge, Presiding

Argued and Submitted March 3, 2010
Pasadena, California

Before:      SCHROEDER, RYMER and WARDLAW, Circuit Judges.

Telemasters, Inc. ("Telemasters"), brought this action against The Vintage Club Master Association and Arthur Allen, Vintage Club's executive director (collectively "defendants"), raising claims of copyright infringement, breach of contract, conversion, breach of the covenant of good faith and fair dealing, misappropriation of trade secrets, and quantum meruit. The district court granted summary judgment against Telemasters on two of its claims. The remaining claims were tried before a jury. At the close of Telemasters' case, defendants

2

moved for judgment as a matter of law under Federal Rule of Civil Procedure 50(a), which the district court granted in part. The jury returned a verdict in favor of Telemasters in the amount of $698,000 on each of Telemasters' remaining four claims. Defendants filed renewed motions for judgment as a matter of law under Federal Rule of Civil Procedure 50(b), which the district court granted in part, reducing the damages award to $65,000. The district court also awarded Telemasters $50,000 in attorneys' fees, which was significantly less than Telemasters had requested.

Telemasters appeals and defendants cross-appeal the district court's judgment. We have jurisdiction under 28 U.S.C. § 1291 and affirm.

## I.    Damages

The district court correctly granted in part the Rule 50(b) motion and reduced the damages award from $698,000 to $65,000 because the evidence presented at trial did not support the amount of damages awarded by the jury. The jury's award of $698,000 in damages for breach of the 1999 Agreement is not supported by the alleged improper use of intellectual property. The jury was properly instructed to award the fair market value of the equipment listed in the 1999 Agreement that defendants should have, but did not, return to Telemasters. The 1999 Agreement did not include intellectual property in this list of equipment.

3

Further, although there was evidence that it would cost just over $98,000 to recreate the cable mapping records, the uncontradicted evidence also demonstrated that the information was "site specific," and that the fair market value of that information was zero.

The jury's award of damages cannot be based on quantum meruit in relation to the cable mapping work. The cable mapping work was completed in connection with the 1993 Agreement, and any breach of contract or losses in connection with that agreement were not at issue at the trial. Furthermore, the owners of Telemasters admitted at trial that because they had not performed a thorough investigation, they had to pay for the cable pair mapping themselves.

The jury's award of damages cannot be supported under a theory of conversion on the basis of either the value of Telemasters' intellectual property that defendants used or failed to return, or on the basis of the value of the system as a whole. The district court previously held on summary judgment that any claim for conversion of intellectual property is preempted, and Telemasters has not challenged that holding. Additionally, although Paul Philipson, one of the owners of Telemasters, testified that the value of the whole system was between $500,000 and $600,000, he also testified that Telemasters received part of the system back

4

from defendants. The jury was instructed to award the fair market value of only those specific items that defendants did not return to Telemasters.

As to those items that defendants did not return to Telemasters, there was evidence at trial that the power transfer panels had a value of between $4,000 and $5,000, and the amphenol cables had a value of about $20,000. Philipson testified that the cross-connect cables had a value of $200,000, but the vast majority of that value was tied to the labor involved in connecting the cables. On this evidence, the district court appropriately determined that the fair market value of the cross-connect cables was 20% of the $200,000, or $40,000. Viewed in the light most favorable to Telemasters, *see E.E.O.C. v. Go Daddy Software, Inc.*, 581 F.3d 951, 961 (9th Cir. 2009), this evidence supports a damages award of only $65,000. Further, the district court did not err in submitting the breach of contract claim to the jury because the district court never precluded recovery for defendants' failure to return equipment as required under the 1999 Agreement.

The district court properly granted the Rule 50(a) motion on punitive damages because the evidence at trial, viewed in the light most favorable to Telemasters, does not support a finding that defendants' conduct rose to the level of "oppression, fraud, or malice" necessary to recover punitive damages. *See* Cal. Civ. Code § 3294(a).

5

The district court also properly granted the Rule 50(a) motion on Telemasters' claims for breach of contract and for quantum meruit in relation to wireless services. Viewed in the light most favorable to Telemasters, the evidence does not support a finding that there was mutual assent between defendants and Telemasters as to the essential terms of an agreement for wireless services, *see Div. of Labor Law Enforcement v. Transpacific Transp. Co.*, 137 Cal. Rptr. 855, 859 (Ct. App. 1977); that Telemasters researched and developed the wireless internet system with both parties' understanding that Telemasters would be compensated for its services, *see Strong v. Beydoun*, 83 Cal. Rptr. 3d 632, 635 (Ct. App. 2008); or that Telemasters' services benefitted Vintage Club, *see Ochs v. PacifiCare of Cal.*, 9 Cal. Rptr. 3d 734, 742 (Ct. App. 2004).

The district court properly granted the Rule 50(a) motion as to Telemasters' contributory copyright infringement claim because the evidence, viewed in the light most favorable to Telemasters, does not support a finding that defendants knew or had reason to know that Telemasters had copyrighted the information on the translation card when Digital Streets used that information in April or May 2004. *See Ellison v. Robertson*, 357 F.3d 1072, 1076 (9th Cir. 2004). Further, the undisputed evidence at trial showed that it was a Telemasters' employee, not

6

Vintage Club, that provided Digital Streets with the allegedly infringing material. *See A&M Records, Inc. v. Napster, Inc.*, 239 F.3d 1004, 1019 (9th Cir. 2001).

Finally, the district court did not abuse its discretion when it precluded Philipson from testifying regarding defendants' refusal to pay for DSL line and caller ID services, and the value of the services that Telemasters withdrew from the invoice at the request of defendants. Both Telemasters and defendants understood that the charges for DSL line and caller ID services would not be pursued. In light of this evidence, the district court did not abuse its discretion in precluding Philipson from testifying regarding the removed charges.

## II. Fees

In awarding attorneys' fees and costs, the district court was not required to make a separate determination as to the prevailing party for the copyright claims and Telemasters' state law claims, because all of the claims involved a common core of facts. *See Hensley v. Eckerhart*, 461 U.S. 424, 435 (1983).

Telemasters' argument that it is entitled to the full amount of its fees and costs is based on its contention that the district court erred in reducing the jury's award of damages. Because the district court's reduction of damages was proper, Telemasters' request for additional attorneys' fees and costs fails.

7

The district court did not clearly err in finding that Telemasters was the prevailing party for purposes of an award of attorneys' fees. *See San Francisco NAACP v. San Francisco Unified Sch. Dist.*, 284 F.3d 1163, 1166 (9th Cir. 2002). Further, because the district court found that Telemasters was the prevailing party, and the 1999 Agreement specifically provides for attorneys' fees, the court properly determined that Telemasters was entitled to its reasonable attorneys' fees and other costs. *See* Cal. Civ. Code § 1717(a). Moreover, the amount of attorneys' fees that it awarded was reasonable.

**AFFIRMED.**