**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JAN 28 2011

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| NICK ZANZE, on behalf of a class of similarly situated individuals, and on behalf of himself individually, | No. 09-56222 |
| Plaintiff-Appellant, | D.C. No. 2:09-cv-02101-R-AJW |
| v. | MEMORANDUM[*] |
| SNELLING SERVICES, LLC, a Delaware Corporation, d/b/a Snelling Staffing Services, d/b/a Snelling, | |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Central District of California
Manuel L. Real, District Judge, Presiding

Argued and Submitted October 8, 2010
Pasadena, California

Before: WARDLAW and W. FLETCHER, Circuit Judges, and LYNN, District Judge.[**]

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The Honorable Barbara M. Lynn, United States District Judge for the Northern District of Texas, sitting by designation.

Nick Zanze appeals the district court's dismissal with prejudice, for failure to state a claim, of his suit against his former employer, Snelling Services, LLC, for unfair competition, unjust enrichment, breach of contract, breach of the covenant of good faith and fair dealing, quantum meruit, and failure to pay wages.[1] He seeks a declaratory judgment, damages, and injunctive relief. For the reasons stated below, we AFFIRM in part, and REVERSE in part.

Zanze's claims are of two types: (1) those related to allegedly unlawful non-compete provisions in his employment agreement with Snelling (the "Employment Agreement"); and (2) those related to provisions in his Employment Agreement and a later commission plan (the "Commission Plan") that Zanze alleges amount to unlawful wage forfeitures.

As to the non-compete claims, we affirm the district court's dismissal with prejudice. In his seventh claim, Zanze alleges that the non-compete provisions amount to unlawful and unfair business practices, in violation of California's Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code § 17200 *et seq*. Claims under the UCL are subject to a four year statute of limitations that begins to run on the date the cause of action accrues. *Id.* § 17208; *Karl Storz Endoscopy-America, Inc. v. Surgical Techs., Inc.*, 285 F.3d 848, 857 (9th Cir. 2002). A statute of limitations defense may be raised by a motion to dismiss if "the running of the

---

[1] Zanze brought claims on his own behalf and purportedly on behalf of a class of similarly situated Snelling employees and former employees. ER-8 at 7–10. The district court concluded that "the class action or certification of the class has not been done within the local rule and, therefore, there is no class to be represented in this . . . matter." ER-2 at 7. The decision not to certify a class is not before us on appeal.

statute is apparent on the face of the complaint." *Von Saher v. Norton Simon Museum of Art at Pasadena*, 592 F.3d 954, 969 (9th Cir. 2010).

The district court properly found that Zanze's UCL claims based on the non-compete provisions accrued more than four years before he filed his Complaint, and, therefore, it is apparent on the face of the Complaint that the statute has run. It is clear that this deficiency cannot be cured by any amendment. Thus, we affirm the district court's decision to dismiss the non-compete claims with prejudice.

Zanze's second claim, his wage-forfeiture claim for unlawful business practices, contains precisely the type of bare assertions and conclusory statements the Supreme Court has held are insufficient to survive a motion to dismiss. *See Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). Zanze's fourth claim, breach of contract, was similarly subject to dismissal because, to state a breach of contract claim, Zanze must allege that he satisfied his duties under the Employment Agreement and Commission Plan and, therefore, that he is entitled to the commissions he seeks. *See CDC Firefighters v. Maldonado*, 70 Cal. Rptr. 3d 667, 679 (Ct. App. 2008) (listing "plaintiff's performance or excuse for nonperformance" as an element of a claim for breach of contract). The Complaint contains no such allegations. Zanze's fifth claim for contractual breach of the duty of good faith and fair dealing was also properly dismissed because it is based on the same underlying facts as the companion breach of contract claim.[2] *See Guz v. Bechtel Nat. Inc.*, 24 Cal. 4th 317, 352 (2000). As for Zanze's ninth claim for failure to pay wages, Zanze conceded that this claim was insufficiently pleaded, but sought leave to amend it.

---

[2]Zanze initially alleged both contractual and tortious breach of the covenant of good faith and fair dealing, but he later withdrew his claim for tortious breach.

3

Although Zanze's second, fourth, fifth, and ninth claims were properly dismissed, we hold that the district court abused its discretion in denying leave to amend these claims, because it is not clear that these claims could not be saved by amendment. *See Harris v. Amgen, Inc.*, 573 F.3d 728, 736 (9th Cir. 2009) ("Dismissal without leave to amend is improper unless it is 'clear' that 'the complaint could not be saved by any amendment.'"). Therefore, we reverse the district court's denial of leave to amend, and hold that these claims should have been dismissed without prejudice, and with leave to amend.

Zanze's allegation that the forfeiture clauses were unconscionable provides an adequate basis for an unfair practices claim under the UCL. Conduct that is deemed lawful cannot be the basis of a UCL claim, even if that conduct might otherwise be considered unfair. *Byars v. SCME Mortgage Bankers, Inc.*, 135 Cal. Rptr. 2d 796, 805 (Ct. App. 2003). Forfeiture clauses like the ones at issue have been found lawful. *Nein v. HostPRO, Inc.*, 95 Cal. Rptr. 3d 34, 52 (Ct. App. 2009). However, as Zanze argued in his response to Snelling's Motion to Dismiss, such forfeiture clauses have not been held lawful where they are unconscionable. *Ellis v. McKinnon Broad. Co.*, 23 Cal. Rptr. 2d 80, 85 (Ct. App. 1993). Because Zanze specifically alleged that the forfeiture clauses at issue were unconscionable, he has stated a claim for unfair business practices.

Similarly, Zanze's claims for unjust enrichment and quantum meruit should not have been dismissed. The district court dismissed these claims due to Zanze's failure to allege a violation of state law and fulfillment of his duties under the Employment Agreement and Commission Plan. However, neither unjust enrichment nor quantum meruit require allegations of illegality or performance under a contract. *See Hirch v. Bank of Am.*, 132 Cal. Rptr. 2d 220, 229 (Ct. App.

4

2003) ("Unlike a claim for damages based on breach of a legal duty, . . . unjust enrichment . . . is grounded in equitable principles of restitution."); *Strong v. Beydoun*, 83 Cal. Rptr. 3d 632, 635 (Ct. App. 2008) ("To recover in quantum meruit, a party need not prove the existence of a contract . . . .").

Because we conclude that Zanze has stated claims for unfair business practices, unjust enrichment, and quantum meruit, we reverse the dismissal of his first, third, and sixth claims.

Finally, we turn to Zanze's claims for declaratory judgment and injunctive relief (which he labels his eighth and tenth "causes of action"). The district court properly dismissed these claims because Zanze, as a former employee of Snelling, cannot satisfy the continuing-relationship requirement for declaratory judgment, nor is Zanze subject to the activity sought to be enjoined, which is necessary to state a claim for injunctive relief. *See eBay Inc. v. MercExchange, L.L.C.*, 547 U.S. 388, 391 (2006); *Seven Words LLC v. Network Solutions*, 260 F.3d 1089, 1098–99 (9th Cir. 2001). Because it is clear that these claims could not be saved by amendment, we affirm the district court's decision to dismiss them with prejudice.

The district court's dismissal with prejudice of Zanze's seventh, eighth, and tenth claims is AFFIRMED. The dismissal of Zanze's second, fourth, fifth, and ninth claims is AFFIRMED, but the district court's denial of leave to amend these claims is REVERSED, and Zanze may replead. The dismissal of Zanze's first, third, and sixth claims is REVERSED. This case is REMANDED to the district court for proceedings consistent with this memorandum disposition.

Each side shall bear its own costs.

**AFFIRMED in part; REVERSED in part**.